# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30821

In re: JERRY MOORE,

                        Movant

A True Copy
Certified order issued Dec 15, 2017

*Jyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

Motion for an order authorizing
the United States District Court for the
Eastern District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

---

Before DAVIS, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:

    Jerry Moore, Louisiana prisoner # 204546, who stands convicted of second degree murder, seeks authorization to file a successive 28 U.S.C. § 2254 application. Moore argues that the courts have failed to consider whether he is actually innocent; that the Louisiana statute on principals is unconstitutional and that the trial court was therefore without jurisdiction to convict him; that the evidence was insufficient to support his conviction; that the conviction of his co-defendant should not have been allowed into evidence at trial; and that counsel was ineffective for failing to challenge the sufficiency of the evidence in a post-verdict motion for acquittal and for failing to challenge the introduction of his co-defendant's conviction into evidence. He states that because the Louisiana statute on principals is unconstitutional, he is actually and factually innocent of second degree murder.

No. 17-30821

To the extent that any of the claims raised in Moore's motion for authorization were raised in his initial § 2254 application, they will not be considered again. *See* 28 U.S.C. § 2244(b)(1). Moreover, before an applicant may file a successive § 2254 application, this court must certify that the claims rely upon either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or a factual predicate that "could not have been discovered previously through the exercise of due diligence" and for which "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2).

Moore has failed to make the required showing. *See id.* Also, we do not recognize freestanding claims of actual innocence on habeas review. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). To the extent that there is an actual innocence exception to the requirements of § 2244, Moore has not made the requisite showing. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

IT IS ORDERED that Moore's motion for authorization to file a successive § 2254 application is DENIED.