**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JERRY MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8740** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "B"(3)** |

**ORDER AND REASONS**

Petitioner Jerry Moore has filed a "Motion for F.R.CIV.PR. Rule 60(b), sub. secs. (3),(4), and (6) Relief from a Judgment-Order" (Rec. Doc. 6) and "Motion to Supplement Motion for Relief under F.R.CIV.PR. Rule 60(b), sub. secs. (3),(4), and (6) from a Judgment-Order" (Rec. Doc. 7).

A review of this Court's records shows that petitioner filed two previous petitions for writs of habeas corpus related to this same state criminal judgment. *See* Rec. Doc. 1.; 10-CV-0676, Rec. Doc. 1. This Court dismissed petitioner's first petition for writ of habeas corpus with prejudice (10-CV-0676, Rec. Doc. 19) and the United States Court of Appeals for the Fifth Circuit denied petitioner's motion for authorization to file a successive 2254 application (Rec. Doc. 5).

Petitioner filed the instant motions for relief under Federal Rule of Civil Procedure 60(b). However, petitioner may not use Rule 60(b) to "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals

as falling within an exception to the successive-petitioner bar." *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Because petitioner seeks to have this court review the merit of his underlying state court conviction again, the motions presently before the Court are considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.

Accordingly,

**IT IS ORDERED** that the instant motions be construed as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 5th day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE